UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JUDGE ALSTON,**<br><br>   Defendant. | Case No. 25-MJ-00142 (MAU) |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States respectfully submits this memorandum in support of its oral motion for detention pending trial under 18 U.S.C. § 3142(f)(1)(E) (Felony Involving Possession or Use of a Firearm) and 18 U.S.C. § 3142(f)(1)(D) (Recidivist) as the Defendant, Judge Alston, is charged with violating 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm). The Defendant stands before this Court charged with illegally possessing a handgun loaded with one round in the chamber and ten rounds in the magazine despite two prior federal convictions for Possession with Intent to Distribute Cocaine and being most recently sentenced to five years of incarceration and three years of supervised release. Pursuant to 18 U.S.C. § 3142(g), the relevant factors support pretrial detention.

### BACKGROUND

On August 15, 2025, the United States filed a complaint charging the Defendant with Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). On August 19, 2025, an initial appearance was held before the Honorable Magistrate Judge Moxila A. Upadhyaya. After the United States made a motion for pretrial detention, the Court set the detention hearing for

1

August 20, 2025.

### *The Instant Offense*

On August 12, 2025, at approximately 21:30 hours, investigators with the United States Marshals Service (USMS) operating as part of the Executive Order 14252 Task Force were conducting high-visibility law enforcement operations in the area of the 3500 block of East Capitol Street NE, Washington, DC. USMS Senior Inspector (SI) Edward Bruton observed a black in color 2006 Chevy 300 sedan bearing Virginia License Plate UMJ6659 "double parked" along the 3500 block of East Capitol Street NE, Washington, DC. A query of the vehicle license plate conducted through the Washington Area Law Enforcement System (WALES) revealed the registrant of the vehicle to be Alston, Judge (DOB: 03/23/1969). The vehicle appeared to be off and occupied by solely by an individual in the driver's seat of the vehicle. The vehicle did not have any exterior lighting activated.

SI Bruton alerted other investigators of the USMS of the presence of the vehicle. USMS investigators were driving unmarked government vehicles equipped with emergency lights and sirens and dressed in casual clothing with outer ballistic vests bearing "Police" and "US Marshal" identifiers and insignia.

SI Bruton activated his emergency lights and approached the vehicle to make contact with the driver. The driver informed SI Bruton and SI Dugan he was waiting for someone from the building. Investigators requested the driver's identification, and the driver provided investigators with a D.C. Identification Card. The Defendant was sitting in the driver's seat of the vehicle with the keys to the vehicle in the ignition. There were no other occupants of the vehicle. The Defendant informed investigators that he did not possess a valid driver's license. The Defendant was asked

2

to exit the vehicle and SI Bruton conducted a pat-down frisk of the Defendant for the safety of officers on-scene.

Investigators requested consent to search the vehicle, and the Defendant verbally consented to the search. During a search of the vehicle, investigators discovered a black Taurus 24/7 G2C semiautomatic pistol .45 ACP with Serial Number NH023951 in the center console of the vehicle. The pistol contained one (1) round of ammunition in the chamber of the firearm and ten (10) rounds of ammunition in the magazine. The magazine had a total capacity of ten (10) rounds of ammunition.



The Defendant has a prior felony conviction in the United States District Court for the District of Columbia in Case Number 14-cr-113-RMC for Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), an offense punishable by more than one year of imprisonment. ALSTON received a sentence of 60 months of incarceration.

*<u>Defendant's Criminal History</u>*

As previously stated, the Defendant has two prior federal convictions for Unlawful Possession with Intent to Distribute Cocaine. Most recently, the Defendant was convicted of the offense in Case Number 14-cr-113 (RMC) and sentenced to 60 months of incarceration. According to the proffer of evidence agreed to by the Defendant, on March 25, 2014, officers executed a search warrant in the target residence, and found 53 zips of cocaine base in a false bottom can and a second bag containing cocaine base which contained a reserve weight of 47.5 grams in the Defendant's bedroom. ECF 11.

Notably, the Defendant committed this offense while on supervised release for a prior conviction in Case Number 04-cr-437 (BAH) for Unlawful Distribution of Cocaine Base within 1,000 Feet of a School, in violation of 21 U.S.C. §§ 860(a), 841(a)(1) and (b)(1)(C). Because of the re-offense, the Defendant's supervised release was revoked, and he was sentenced to fifteen (15) months of incarceration.[1]

Regarding the offense of conviction in Case Number 04-cr-437, the proffer of evidence agreed to by the Defendant stated that the Defendant sold crack cocaine to an undercover police officer on five occasions between May 31, 2002, and July 9, 2002. ECF 12. Each of the transactions occurred approximately 568 feet from a junior high school. *Id.*

**LEGAL AUTHORITY AND ARGUMENT**

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing."

---

[1] As a result of this revocation, both of the Defendant's prior criminal convictions count towards the Defendant's criminal history category. U.S.S.G. § 4A1.2(e)(1).

18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted, and the government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *see also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *See Smith*, 79 F.3d at 1210, and *Williams*, 798 F. Supp. at 36.

Under the Bail Reform Act, if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of [a Defendant] as required and the safety of any other person and the community," the Court shall order a Defendant held pending trial. 18 U.S.C. § 3142 (e). The Act provides however, for certain crimes, that there is a rebuttable presumption that no conditions or combination of conditions will assure the safety of the community. *See id.* "For the purposes of making that determination, a grand jury indictment, by itself, establishes probable cause to believe that a Defendant committed the crime with which he is charged." *United States v. Taylor*, 289 F. Supp. 3d 55, 62–63 (D.D.C. 2018) (internal quotations omitted).

The United States seeks detention pursuant to 18 U.S.C. § 3142(f)(1)(E) (felony involving a firearm) and 18 U.S.C. § 3142(f)(1)(D) because the Defendant is a recidivist who is now charged with committing a firearm offense. A review and understanding of the facts and circumstances in the instant matter demonstrate that there are no conditions or combination of conditions that would assure the safety of the community. *See* 18 U.S.C. § 3142(e)(1). All four § 3142(g) factors favor

detention pending trial, including: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g).

### I.    The Nature and Circumstances of this Offense Merits Detention.

The first factor to be considered, the nature and circumstances of the offense charged, weighs in favor of detention. The Defendant is charged with a serious offense carrying a significant penalty. For violating 18 U.S.C. § 922(g), the Defendant faces a maximum sentence of up to 15 years imprisonment pursuant to 18 U.S.C. § 924(a)(8). Here, the evidence is convincing that the Defendant carried a loaded firearm in the center console of his vehicle. He was the only one in the vehicle and was seated in the driver's seat with the keys in the ignition. The firearm was readily accessible to the Defendant, being positioned right next to the driver's seat, and it had a chambered round with an additional ten rounds in the magazine. Here, there is no indication that the weapon was inert or otherwise inoperable.

As a threshold matter, the Court has repeatedly held that possession of a firearm, when loaded or carried in a concealed manner as in this case, poses a risk of danger to the community. *See, e.g., United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great potential to escalate into violence," particularly when Defendant's prior convictions indicate a predilection for violence); *United States v. Riggins*, 456 F. Supp. 3d 138, 144 (D.D.C. 2020); *United States v. Gassaway*, No. 21-cr-550 (RCL), 2021 U.S. Dist. LEXIS 175978 at *9-10 (D.D.C. Sept. 16, 2021) (collecting cases in this district holding that unlawful firearm possession is dangerous to the public); *United States v. Howard*, No. 20-mj-181 (BAH),

6

2020 U.S. Dist. LEXIS 172978, 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community."); *see also United State v. Kent*, 496 F. Supp. 3d 500, 502 (D.D.C. 2020) (holding that a Defendant should be detained pretrial in part because "the firearm recovered from the Defendant's person had a round already chambered, making the circumstances even more troubling"), *aff'd* (D.D.C. Nov. 5, 2020). The firearm recovered from had many of these troubling characteristics, and more broadly, the firearm was loaded and ready to fire when it was recovered. Simply stated, unlawful gun possession is so problematic, especially by someone with the Defendant's criminal history, because of the number of violent gun crimes committed in the District.

## II.    The Weight of the Evidence Against the Defendant is Strong.

The second factor to be considered, the weight of the evidence, also weighs in favor of detention. Here, the Government's case against the Defendant is strong.[2] First, officers approached the Defendant's vehicle due to being double-parked. The Defendant was in the driver's seat of the vehicle with the keys in the ignition. Nobody else was in the vehicle, which records show was

---

[2] The weight of the evidence should be considered equally with the other § 3142 factors. In *United States v. Blackson*, following a thorough review of the text of § 3142 and decisions analyzing this factor, Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors." 2023 U.S. Dist. LEXIS 18988, at *29-30. Instead, "the weight of the evidence against [a] Defendant [should] be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate." *Id.* In an unpublished opinion, the D.C. Circuit affirmed Judge Howell's decision. *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). Moreover, the Second Circuit reached the same decision after a thorough and careful analysis of the issue. *United States v. Zhe Zhang*, 55 F.4th 141, 149-150 (2d Cir. 2022). This Court should follow *Blackson* and *Zhang*; this factor should be given no less weight than any other factor.

registered to him, and he informed officers that he was waiting for someone in the adjacent building. Officers asked for the Defendant's license, he provided a District of Columbia identification card, not a license, and the Defendant admitted he did not have a license. At this point, the officers had probable cause to arrest the Defendant for No Permit under D.C. Code § 50-1401.01(d). Officers requested that the Defendant step out of the vehicle to complete the traffic stop. *See Maryland v. Wilson*, 519 U.S. 408. Officers then asked for permission to search the vehicle, and the Defendant gave his consent.

Officers commenced searching the Defendant's vehicle and found in the center console a loaded firearm immediately adjacent to where the Defendant had been seated. "If the evidence against a Defendant is overwhelming, credible, helpful, and important to the government's case in chief that may increase the risk that Defendant will flee to avoid future court proceedings and may indicate that the Defendant is a present danger to himself or the community if the government's allegations later prove to be true." *Blackson*, 2023 U.S. Dist. LEXIS 18988, at *29-30. And so it is in this case, the weight and strength of the evidence increases the prospect that the Defendant will present a danger to the community if released.

### III.    The Defendant's History and Characteristics Merit Detention.

The third factor, the Defendant's history and characteristics weigh in favor of detention. The Defendant has two prior felony convictions for which he was sentenced to significant periods of incarceration. As a result, he clearly knew he was prohibited from possessing a firearm. Nevertheless, the Defendant elected to illegally arm himself anyway. This represents a serious escalation in conduct from his prior convictions which were drug offenses that did not involve the use of firearms.

The Defendant has been on supervised release twice. The first time, in Case Number 04-cr-437 (BAH), the Defendant's supervised release was revoked pursuant to a new arrest for similar conduct. This rearrest resulted in a subsequent conviction. After revocation in this matter, the Pretrial Services Report indicates that no further term of supervised release was imposed.

As to the Defendant's supervised release for his second conviction, the Pretrial Services Report indicated that Defendant's supervised release closed on October 31, 2019.

Given this checkered history of compliance with court conditions, Pretrial Services has noted, and the Government agrees, that no condition or combination of conditions can reasonably assure the Defendant's appearance or safety to the community. Accordingly, this factor weighs in favor of detention.

### IV.    The Defendant Presents a Danger to Our Community.

The fourth and final factor, danger to any person or the community posed by the Defendant's release, weighs in favor of detention. "At the outset, it cannot be gainsaid that unlawful possession of a firearm that is unregistered and fully loaded, with an extended capacity magazine, carried in a position of easy, quick access poses a significant danger to other persons and the community." *Blackson*, 2023 U.S. Dist. LEXIS 18988, at *33. The Defendant's possession of this firearm alone presented a significant danger to our community. *See United States v. Washington*, 907 F. Supp. 476, 486 (D.D.C. 1995) ("[P]ossession by a felon of a fully loaded semi-automatic pistol suggests that the Defendant presents an extreme safety risk to the public."). Add to this the Defendant's previous unwillingness to abide by his conditions of supervised release, the Court is therefore presented with an individual who is a danger to the citizens living within the District.

The D.C. Circuit has noted that "'[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community,'" pretrial detention is available to "'disable the arrestee from executing that threat.'" *Munchel*, 991 F.3d at 1280 (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)). This requires the Court to make a "forward looking determination" about the Defendant's risk of danger to the community, keeping in mind that detention may be justified even if the Court does not explicitly find that Defendant is a risk of committing acts of violence. *United States v. Hale-Cusanelli*, 3 F.4th 449, 456 (D.C. Cir. 2021) (citing *Munchel*, 991 F.3d at 1283). Here, where the Defendant possessed a loaded firearm within easy access while driving his vehicle, he posed an obvious and articulable threat to the community. Therefore, this factor also weighs in favor of detention.

## CONCLUSION

For all the foregoing reasons, the Government respectfully requests that the Court detain the Defendant pending trial on these charges.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY


By:   s/ Travis Wolf
      TRAVIS WOLF
      Assistant United States Attorney
      NY Bar No: 5483243
      United States Attorney's Office
      601 D Street, NW
      Washington, D.C. 20530
      Telephone: 202-803-1670
      Travis.Wolf@usdoj.gov